UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KEITH CLEVELAND,

Plaintiff,

v.                                                              CAUSE NO. 3:20-CV-173-JD-MGG

RON NEAL, et al.,

Defendants.

OPINION AND ORDER

Keith Cleveland, a prisoner without a lawyer, filed a complaint regarding his

treatment at the Indiana State Prison from January 15, 2020, until February 10, 2020. He

has sued sixteen defendants: Indiana State Prison Warden Ron Neal, Major Warlow, Lt.

Redden, Lt. Lot, Nurse Tiffany, Captain Calaway, Sgt. Thompson, Lt. Gilleski, Officer

Drapper, Sgt. Bass, Officer Fred, Sgt. Tustison, Nurse Jackie, Officer Slainka, Sgt. Ford,

and Officer Zamariah. "A document filed *pro se* is to be liberally construed, and a *pro se*

complaint, however inartfully pleaded, must be held to less stringent standards than

formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)

(quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A,

the court must review the merits of a prisoner complaint and dismiss it if the action is

frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks

monetary relief against a defendant who is immune from such relief.

Cleveland asserts that, on January 15, 2020, he was removed from his cell and

attacked by Lt. Redden, Officer Slainka, Officer Fred, and Officer Wilson. Officers

Slainka, Fred, and Wilson[1] allegedly held Cleveland down while Lt. Redden choked him. The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* Here, giving Cleveland the benefit of the inferences to which he is entitled at this stage of the case, he has stated a claim against Lt. Redden, Officer Slainka, and Officer Fred.

After the attack, Lt. Lot told the officers to take Cleveland to SMC. Once there, Cleveland's clothes were removed, and he was placed in an isolation cell without a mat. He was not permitted to have access to his property, including his inhaler. The temperature was only approximately 30 degrees. He had to ask for water to flush the toilet and he could not wash his hands with soap. No utensils were provided for meals. He endured these conditions for approximately four weeks. In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" so that "a prison official's act results in the denial of the minimal civilized measure of life's necessities." *Id.* The subjective prong asks whether the defendant was deliberately indifferent. "[C]onduct is deliberately

---

[1] Wilson is not named as a defendant in this action.

indifferent when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quotation marks, brackets, and citation omitted). Here, Cleveland alleges only that Lt. Lot directed that he be taken to SMC. He does not allege that Lt. Lot or any other defendant was responsible for the conditions he allegedly endured while in SMC. Therefore, these allegations do not state a claim.

Cleveland also asserts that, on January 15, 2020, he asked Nurse Jackie for a breathing treatment, but she walked away after Lt. Redden told Nurse Jackie that Cleveland was "cool." ECF 1 at 5. Cleveland explained to Nurse Jackie that he had just been attacked, but still she would not provide care. Cleveland believes that Nurse Jackie denied him medical care because he has sued her. "To prevail on his First Amendment retaliation claim, [Cleveland] must show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012) (quotation marks and citations omitted). Giving Cleveland the benefit of the inferences to which he is entitled, Cleveland has stated a claim against Nurse Jackie.

He also told Nurse Tiffany that he could not breathe in the cell he was in. She responded by telling him that it had nothing to do with medical. It is not clear from the complaint what it was about the cell that made it difficult for Cleveland to breath or what he thought that Nurse Tiffany should do to address the problem. This allegation is vague and does not state a claim.

On January 17, 2020, Cleveland indicates that he passed out in his cell because he did not have his inhaler. Officer Zamariah did not call for him and instead just left him there without assisting in any way. When Cleveland woke up, he had a headache and a knot on his head, but even then, he did not get medical help. Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quotations omitted). Cleveland does not explain how

4

Officer Zamariah knew he needed medical care, either when he allegedly passed out or when he awoke with a headache. Accordingly, this does not state a claim.

While in SMC, Cleveland was unhappy with the food, and on two occasions, he was not provided with meals. On January 26, 2020, he did not get breakfast. Lt. Gilleski and Captain Caloway were supposed to send someone to provide breakfast, but they did not. On January 27, 2020, Sgt. Bass was supposed to provide dinner but did not. Inmates are entitled to adequate food. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009). However, "[t]here is, of course, a *de minimus* level of imposition with which the Constitution is not concerned." *Ingraham v. Wright*, 430 U.S. 651, 674 (1977), *see also Hudson v. McMillian*, 503 U.S. 1, 9-10. Missing two meals over the course of two days falls squarely in that category. *See Morris v. Kingston*, 368 F. App'x 686, 688-89 (7th Cir. 2010). Cleveland has not stated a claim against Captain Caloway, Lt. Gilleski, or Sgt. Bass.

Lt. Redden brought a disciplinary charge against Cleveland alleging that Cleveland tried to stab him. That charge was dismissed. According to Cleveland, it was dismissed because it was determined that Lt. Redden had lied. Cleveland believes that Warden Neal was told that Lt. Redden lied and, once he knew that, he should have removed Cleveland from SMC. Cleveland remained in SMC for two more weeks. "Prison officials have broad administrative and discretionary authority over the institutions they manage." *Westefer v. Neal*, 682 F.3d 679 (7th Cir. 2012) (quotation marks, brackets, and citations omitted). Prison officials must afford inmates their constitutional rights, but where to house an inmate is just the type of decision that is

5

squarely within the discretion of prison officials. Even if Warden Neal had been told that Lt. Redden lied when he charged Cleveland with attempting to stab him, the Constitution was not violated by Warden Neal's decision not to remove Cleveland from SMC for two more weeks.

Finally, Cleveland has sued Sgt. Ford, Major Warlow, Sgt. Thompson, Officer Drapper, and Sgt Tustison but he has not mentioned them in the body of the complaint. Because he has not alleged any facts suggesting that these defendants violated his rights, they will be dismissed.

For these reasons, the court:

(1) GRANTS Keith Cleveland leave to proceed against Lt. Redden, Officer Slainka, and Officer Fred in their individual capacities for compensatory damages for using excessive force against Cleveland on January 15, 2020, in violation of the Eighth Amendment;

(2) GRANTS Keith Cleveland leave to proceed against Nurse Jackie in her individual capacity for compensatory damages for retaliating against him on January 15, 2020, by denying medical care because he had previously sued her, in violation of the First Amendment;

(3) DISMISSES all other claims;

(4) DISMISSES Lt. Lot; Nurse Tiffany, Officer Zamariah, Captain Caloway, Lt. Gilleski, Sgt. Bass; Warden Ron Neal, Sgt. Ford, Major Warlow, Sgt. Thompson, Officer Drapper, and Sgt Tustison;

(5) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Lt. Redden, Officer Slainka, Officer Fred at the Indiana Department of Correction with a copy of this order and the complaint (ECF 1), pursuant to 28 U.S.C. § 1915(d);

(6) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) on Nurse Jackie at Wexford of Indiana, LLC, with a copy of this order and the complaint (ECF 1), pursuant to 28 U.S.C. § 1915(d);

(7) ORDERS the Indiana Department of Correction and Wexford of Indiana, LLC, to provide the United States Marshal Service with the full name, date of birth, social security number, last employment date, work location, and last known home address of any defendant that does not waive service, if it has such information; and

(8) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Lt. Redden, Officer Slainka, Officer Fred, and Nurse Jackie respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on April 22, 2020

_____/s/ JON E. DEGUILIO_____
JUDGE
UNITED STATES DISTRICT COURT