UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| KEITH CLEVELAND, <br><br> Plaintiff, <br><br> v. <br><br> REDDEN, et al., <br><br> Defendants. | CAUSE NO. 3:20-CV-173-JD-MGG |

OPINION AND ORDER

Keith Cleveland, a prisoner without a lawyer, is proceeding against Lt. Redden, Officer Slainka, and Officer Fred for using excessive force against him on January 15, 2020, in violation of the Eighth Amendment. ECF 7. Cleveland is also proceeding against Nurse Jackie for compensatory damages for retaliating against him on January 15, 2020, by denying medical care because he had previously sued her, in violation of the First Amendment. *Id*. All other claims and defendants were dismissed from this action. *Id*.

Nurse Jackie moved for summary judgment on the issue of exhaustion of administrative remedies on August 7, 2020. ECF 23. Lt. Redden, Officer Slainka, and Officer Fred moved for summary judgment on the issue of exhaustion of administrative remedies on September 10, 2020. ECF 35. Each motion was accompanied by the summary judgment notice required by N.D. Ind. L.R. 56-1 and a copy of both Federal Rule of Civil Procedure 56 and Local Rule 56-1. ECF 49. ECF 26; ECF 37. The notices informed Cleveland of the importance of filing a response. They advised him that,

unless he disputed the facts presented by the defendants, the court could accept those facts as true. *See* Fed. R. Civ. P. 56(e). They further advised him that a lack of response could result in the dismissal of his case. *See* Fed. R. Civ. P. 56(a).

On September 22, 2020, Cleveland sought additional time to respond to the pending summary judgment motions and file his own motion for summary judgment. ECF 38; ECF 39. His motions were granted, and the deadline was extended to October 30, 2020. ECF 40. Cleveland filed neither responses to the pending summary judgment motions nor his own summary judgment motion by the deadline. However, on December 3, 2020, he filed a one-page response and a one-page motion for summary judgement. ECF 42 ECF; ECF 43. He did not cite to any evidentiary material in support of either his motion or response.

Nurse Jackie moved to strike Cleveland's motion and response as untimely, and Lt. Redden, Officer Slainka, and Officer Fred joined the motion. ECF 44; ECF 45. Cleveland filed a response to the motion to strike, but the response offered no explanation for his failure to file his response and summary judgment by the deadline set by the court. ECF 48. Rather, he requested that the court stay the proceedings to give him time to exhaust his administrative remedies. *Id.* Finally, Cleveland filed a "Motion of Explanation," which merely reiterates arguments that Cleveland voiced elsewhere. ECF 50. Each motion is ripe for adjudication.

Motion to Strike

Cleveland's motion for summary judgment and response to the defendants' motions for summary judgment were filed more than a month after the deadline this court set. Cleveland offered no reason for the late filing, either before or after the motion to strike was filed. "When an act may or must be done within a specified time, the court may, for good cause, extend the time: ... on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Cleveland has shown neither good cause nor excusable neglect. Nonetheless, motions to strike are disfavored, and the defendants have not demonstrated that they will be prejudiced by the late filings. *Custom Vehicles, Inc. v. Forest River, Inc.*, 464 F.3d 725, 727 (7th Cir. 2006). Therefore, the motion to strike (ECF 44) will be denied, and the summary judgment motions will be addressed on the merits.

Summary Judgment

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Not every dispute between the parties makes summary judgment inappropriate; "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* In deciding whether summary judgment is appropriate, the

3

deciding court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Ogden v. Atterholt*, 606 F.3d 355, 358 (7th Cir. 2010). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in his or her own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). If the nonmoving party does not establish the existence of an essential element on which that party bears the burden of proof at trial, summary judgment is proper. *Massey v. Johnson*, 457 F.3d 711, 716 (7th Cir. 2006). Summary judgment "is the put up or shut up moment in a lawsuit ...." *Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008).

Exhaustion of Administrative Remedies

Pursuant to 42 U.S.C. § 1997e(a), prisoners are required to exhaust available administrative remedies prior to filing lawsuits in federal court. "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). "[A] prisoner who does not properly take

4

each step within the administrative process has failed to exhaust state remedies." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002). Nevertheless, inmates are only required to exhaust administrative remedies that are "available." *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). The availability of a remedy is not a matter of what appears "on paper," but rather whether the process was in actuality available for the prisoner to pursue. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Thus, when prison staff hinder an inmate's ability to use the administrative process, such as by failing to provide him with the necessary forms, administrative remedies are not considered "available." *Id.* In essence, "[p]rison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole*, 438 F.3d at 809.

Defendants' Summary Judgment Motions

A grievance process was available to inmates during Cleveland's time at the Indiana State Prison. ECF 25-1 at ¶ 7. The grievance policy sets forth a multi-step grievance process. *Id.* at ¶¶ 9-28. First, an inmate must attempt to informally resolve his complaint. *Id.* at ¶ 9. If the inmate is unable to resolve the complaint informally, he may file a formal grievance within ten days of the incident giving rise to the complaint. *Id.* at ¶ 10. Once a formal grievance is filed, the Offender Grievance Specialist screens it to ensure it meets the requirements of the grievance policy. *Id.* at ¶¶ 11-12. Grievances can be rejected if they are filed more than ten days after the incident or if the offender is

5

grieving a matter that is inappropriate for the grievance process. *Id.* at ¶ 14. The Offender Grievance Specialist must either return the grievance if it is unacceptable or provide a receipt for it. *Id.* at ¶ 11. If the offender does not receive either a receipt or a form indicating that the grievance was rejected within five days of submission, the offender must notify the Offender Grievance Specialist and retain a copy of that notice. *Id.* The Offender Grievance Specialist will then investigate. *Id.*

If a grievance is accepted, the Offender Grievance Specialist has fifteen days to complete an investigation and respond. *Id.* at ¶ 17. If the offender receives no response within twenty days, he may appeal as if the grievance was denied. *Id.* at ¶ 19. If the offender is dissatisfied with the resolution of the formal grievance, he may file an appeal within five days of receiving a response to the formal grievance. *Id.* at ¶ 20. And, if his appeal is denied, he may seek further review. *Id.* at ¶ 23. The grievance process is complete when an offender attempts informal resolution, files a formal grievance, files an appeal with the Warden or his designee, and files a second appeal with the Offender Grievance Manager. *Id.* at ¶ 28.

If an offender is transferred to a different facility, he may still pursue a grievance at the facility from which he was transferred if it was initiated prior to the transfer or, if the grievance concerns the transfer of property or funds. *Id.* at ¶ 29. The grievance must be initiated within twenty days of transfer. *Id.*

IDOC records document whether an inmate has filed an informal grievance, formal grievance, or an appeal, as well as the responses. *Id.* at ¶ 30.

Cleveland was transferred from ISP to Wabash Valley Correctional Facility on February 10, 2020. *Id.* at ¶ 34. On February 12, 2020, the Offender Grievance Specialist at Wabash Valley Correctional Facility sent a packet of grievances to Mr. Wallen (the Offender Grievance Specialist at ISP) from Cleveland, at Cleveland's request. *Id.* at ¶ 35. That packet contained an informal grievance related to Nurse Jackie based on the events of September 11, 2019, where she told Cleveland he had to wait for a breathing treatment. *Id.* However, IDOC has no records of Cleveland filing an informal grievance, formal grievance, or formal appeal relating to Nurse Jackie refusing to provide Cleveland with care on January 15, 2020, in retaliation for filing previous lawsuits. *Id.* at ¶¶ 37-40. Likewise, the IDOC's records do not contain any formal grievances or appeals relating to the alleged use of excessive force by Lt. Redden, Officer Slainka, and Officer Fred on January 15, 2020. ECF 35-1 at ¶¶ 6-9.

Cleveland concedes that he has not exhausted his administrative remedies. ECF 48. He contends, by way of an unsworn response, that he could not exhaust administrative remedies because he was being held in SMC without his property due to an upcoming transfer. ECF 42. Cleveland says that he did obtain paper from a nurse and write an informal grievance when he went for a breathing treatment. *Id.* In Cleveland's unsworn reply to his own motion for summary judgment, it becomes clear that it was the lack of paper and a writing utensil that made it impossible for him to file a grievance, not other property. ECF 48. But, despite Cleveland's four filings that address the exhaustion issue (ECF 42; ECF 43; ECF 48; ECF 50), nowhere does he indicate that he told a staff member that he needed to file a grievance or otherwise

7

describe any effort on his part to exhaust his administrative remedies beyond writing an informal grievance while in the medical department. And, even when he did have an opportunity to write an informal grievance (on a request for interview form), he wrote the following:

> On 1-15-20 I was assaulted by Officer Redden. He cut my clothes off and lied and placed a knife on me. I talked to I & I and there is no way my finger prints is on that knife[.] I want it tested for finger prints.

ECF 4 at 2. He makes no mention of Officer Slainka, Officer Fred, or Nurse Jackie. And, he makes no mention of a denial of medical care or retaliation.

When an inmate without a lawyer files a complaint, it is construed liberally, in recognition that the inmate might lack the legal knowledge or vocabulary typically used when lawyers draft complaints. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But, the lack of a lawyer does not do away with the need to follow rules for the rest of the case. All litigants, even those without lawyers, must follow procedural rules. *McCurry v. Kenco Logistics Svcs., LLC*, 942 F.3d 783, 787 n.2 (7th Cir. 2019) (citing *Members v. Paige,* 140 F.3d 699, 702 (7th Cir. 1998)).

Here, to prevail, the defendants each needed to cite to material in the record demonstrating that Cleveland did not exhaust the administrative remedies available to him. They have provided citations to the IDOC's grievance policy and affidavits that provide support for their claim that Cleveland did not exhaust his available administrative remedies. Therefore, to avoid summary judgment, Cleveland needed to "cite to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including

8

those made for purposes of the motion only), admissions, interrogatory answers, or other materials" showing that there is a genuine dispute regarding whether he exhausted the administrative remedies that were available to him. Fed. R. Civ. P. 56(c). Cleveland cites to no materials whatsoever. What's more, the statements in his various filings related to the summary judgment motions are all unsworn.

Even if these shortcomings are ignored, though, what is left is this: Cleveland alleges that during the days following the incident where he should have been exhausting his administrative remedies, he was in a cell without a pen or paper. He says nothing more. While not having a pen or paper in one's cell would be an obstacle to filing a grievance, this claim alone does not excuse his failure to exhaust. What Cleveland does not say is that he ever told any staff member that he needed to file a grievance, that he asked for help filing that grievance, or even that he asked for a pen and paper. It appears that Cleveland did leave his cell from time to time – he wrote an informal grievance on January 17, 2020, when he was receiving medical care. Thus, Cleveland's assertion that he could not exhaust because he was deprived of a pen and paper does not create a genuine dispute of fact.

Cleveland also claims that, as soon as he was out of SMC and transferred to Wabash Valley, he had Wabash send grievances over to ISP. ECF 48. But those grievances were produced, and even when he did have a pen and paper, he did not file an informal grievance regarding Nurse Jackie's alleged refusal to provide treatment on January 15, 2020, or any formal grievance regarding the events of January 15, 2020, despite having access to the formal grievance form and a pen. ECF 25-1 at 26-39.

The defendants have produced evidence that Cleveland did not exhaust the administrative remedies available to him. Nothing in the record suggests that Cleveland either did exhaust those remedies or that the remedies were made unavailable to him. Rather, the record is devoid of any effort to exhaust his administrative remedies between the date of the incident and the filing of his complaint. Therefore, the defendants' motions for summary judgment (ECF 23; ECF 35) will be granted. Furthermore, Cleveland's motion for summary judgment (ECF 50) – which fails to cite to materials in the record that shows the presence or absence of a genuine issue of material fact - will be denied.

Finally, this court must address Cleveland's request, contained in his response to the motion to strike, that the case be stayed so that he can exhaust his administrative remedies now. ECF 48. As already noted, 42 U.S.C. § 1997e(a) requires exhaustion *prior to* filing a lawsuit. See *Perez,* 182 F.3d at 535. Thus, a stay cannot be granted to permit Cleveland to exhaust after filing his lawsuit.

For these reasons, the court:

(1) DENIES Nurse Jackie's Motion to Strike (ECF 44);

(2) GRANTS Nurse Jackie's Motion for Summary Judgment (ECF 23);

(3) GRANTS Lt. Redden, Officer Slainka, and Officer Fred's Motion for Summary Judgment (ECF 35);

(4) DENIES Keith Cleveland's Motion of Explanation (ECF 50);

(5) DENIES Keith Cleveland's Motion for Summary Judgment (ECF 43); and

(6) DIRECTS the clerk to enter judgment in favor of the defendants and close this case.

SO ORDERED on February 8, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT